# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIANO MADRID,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:15-cv-00118-JAD-PAL

**Order Denying Application for Pauper Status and Motion to Appoint Counsel; Order Directing Response**

[ECF 2, 3]

    Nevada state inmate Mariano Madrid brings this habeas corpus action under 28 U.S.C. § 2254 to challenge his 2007 state court conviction for murder with use of a deadly weapon and with the intent to promote, further, or assist a criminal gang. ECF 1.

**A.**    **Application to Proceed *in Forma Pauperis***

    Petitioner has submitted an application to proceed as a pauper. ECF 3. But he has already paid the filing fee for this action, *see* ECF 1, so petitioner's motion for leave to proceed *in forma pauperis* (ECF 3) is denied as moot.

**B.**    **Motion to Appoint Counsel**

    Petitioner moves for court-appointed counsel. ECF 2. Under 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. A habeas petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if (1) the case is so complex that denial of counsel would amount to a denial of due process or (2) the petitioner is a person of such limited education

that he is incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well written and presents the issues that petitioner wishes to bring in a sufficiently clear manner. The issues in this case are not complex. Thus, counsel is not justified in this case.

**C.     Respondent Is Directed to Respond.**

The court has reviewed the habeas petition and now directs that it be served on respondents, who will have 45 days to respond.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed *in forma pauperis* **[ECF 3] is DENIED** AS MOOT;

IT IS FURTHER ORDERED that petitioner's motion for the appointment of counsel **[ECF 2] is DENIED**;

The Clerk of Court is directed to **ELECTRONICALLY SERVE** the petition **[ECF 1] upon the respondents** and **ADD** Attorney General Adam Paul Laxalt to the CM/ECF docket sheet.

IT IS FURTHER ORDERED that respondents will have until October 30, 2015, to answer or otherwise respond to the petition. In their answer or other response, respondents must address all claims presented in the petition and raise all potential affirmative defenses in the initial responsive pleading (including lack of exhaustion and procedural default). **Successive motions to dismiss will not be entertained**. Any state court record exhibits filed by respondents must be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits must be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court. If filing an answer, respondents must comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED THAT, **if respondents file an answer, petitioner will then have 45 days** from the date of service of the answer **to file his reply.**

IT IS FURTHER ORDERED that, from this point forward, petitioner must serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he

Case 2:15-cv-00118-JAD-PAL   Document 4   Filed 09/14/15   Page 3 of 3

submits to the court. Petitioner must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The court may disregard any paper that does not include this certificate of service. After respondents appear in this action, petitioner must make service on the particular Deputy Attorney General assigned to the case.

Dated this 14th day of September, 2015.

_____
Jennifer Dorsey
United States District Judge