UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mariano Madrid,<br><br>  Petitioner<br><br>v.<br><br>Dwight Neven, et al.,<br><br>  Respondents | 2:15-cv-00118-JAD-PAL<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss, Denying Motion for Stay, and Denying Motion for Appointment of Counsel**<br><br>[ECF Nos. 6, 15, 16] |

Pro se Nevada state prison inmate Mariano Madrid brings this § 2254 petition to challenge his state-court conviction for murder with use of a deadly weapon and with the intent to promote, further, or assist a criminal gang.[1] Respondents move to dismiss, arguing that Madrid's ineffective-assistance-of-counsel claims are partially unexhausted, subjecting Madrid's entire petition to dismissal.[2] I agree that some of Madrid's ineffective-assistance allegations are unexhausted, so I give Madrid until October 27, 2016, to notify the court how he wishes to proceed with this action. I also deny without prejudice Madrid's motion for stay and his motion for appointment of counsel.

**Background**

In March 2007, a jury in Nevada's Eighth Judicial District Court convicted Madrid of murder with use of a deadly weapon and with the intent to promote, further, or assist a criminal gang.[3] The charges stemmed from the shooting death of Ricardo Marcias at a 2005 house party. The trial judge sentenced Madrid to life in prison with the possibility of parole after 40 years.[4]

After the state district court denied Madrid's motion for a new trial, he appealed his conviction, contending that the trial court erred by allowing the state to introduce a CD containing a

---

[1] ECF No. 1.

[2] ECF No. 6.

[3] ECF No. 11-11.

[4] *Id.*

recording of his rap song "Bullet Holes" to support the gang enhancement.[5] The Nevada Supreme Court rejected Madrid's argument that the CD should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice. It also found that the artwork on the CD case and the song lyrics—which were rapped by Madrid—were non-hearsay and that the CD was neither prior-bad-act evidence nor offered as character evidence.[6] The Nevada Supreme Court affirmed the conviction.

Madrid then filed a counseled post-conviction petition in the state district court,[7] followed by a first-amended petition[8] and supplement.[9] The petition and supplements raised a handful of ineffective-assistance-of-trial-counsel (IAC) claims and a claim for cumulative error based on these IAC claims. After a two-day evidentiary hearing,[10] the state district court denied Madrid's petition,[11] and Madrid—who was still represented by counsel—appealed.[12] The Nevada Supreme Court affirmed the denial of Madrid's petition,[13] and Madrid then dispatched the instant pro se federal habeas petition.[14]

---

[5] ECF No. 11-14 at 8. As the Nevada Supreme Court noted in its order of affirmance, though Madrid's appeal is titled "appeal from district court's denial of new trial," he does not address the state district court's denial of his motion in his brief; he instead challenges various trial-court errors relating to admission of the rap CD. ECF Nos. 11-14, 12-1.

[6] ECF No. 12-1 at 7.

[7] ECF No. 12-3.

[8] ECF No. 12-4.

[9] ECF No. 12-6. Madrid's appellate counsel filed his initial petition and first-amended petition, and substituted counsel filed the supplemental points and authorities.

[10] ECF Nos. 12-10, 13-1.

[11] ECF No. 12-8 at 6.

[12] ECF No. 13-2.

[13] ECF No. 13-5.

[14] ECF No. 1.

Madrid's petition contains four claims, though there is a substantial amount of overlap between them. In ground one, Madrid claims that the trial court erred by admitting the "Bullet Holes" CD at trial—essentially, the same issue Madrid raised on direct appeal.[15] Grounds two, three, and four are essentially the same ineffective-assistance-of-trial-counsel claim. In these grounds, Madrid alleges that trial counsel was ineffective for failing to (1) hire an investigator and investigate possible witnesses, (2) properly respond to gang evidence, (3) file pre-trial motions or obtain criminal histories for key witnesses, (4) usefully submit medical records or otherwise investigate an injury to Madrid's arm, (5) investigate a photographic lineup, and (6) object to the admission of the "Bullet Holes" CD, field-interview cards, and gun photos.[16]

Respondents argue that the last three of those items are unexhausted, and therefore Madrid's entire petition must be dismissed.[17] Madrid responds that pro se pleadings are liberally construed, and he requests that I stay this case so that he can return to state court to exhaust his unexhausted claims.[18] He also separately moves for a stay on the basis that this is a protective federal petition,[19] and he requests appointed counsel.[20]

**Discussion**

**A.    Exhaustion under 28 U.S.C. § 2254**

A federal habeas petitioner must first exhaust state-court remedies on each claim before presenting them to the federal court.[21] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional

---

[15] *Compare* ECF No. 11-14 at 8, *with* ECF No. 1 at 3–5.

[16] *See* ECF No. 1 at 7–18.

[17] ECF No. 6.

[18] ECF No. 14.

[19] ECF No. 15.

[20] ECF No. 16.

[21] 28 U.S.C. § 2254(b)(1)(A).

guarantees.[22]  To satisfy the exhaustion requirement, a petitioner must "fairly present" his claims to the state's highest court.[23]  Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[24]  "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."[25]

**B.     Madrid's ineffective-assistance-of-counsel claims are partially unexhausted.**

Madrid did not fairly present his claims that trial counsel was ineffective for failing to submit medical records or otherwise investigate an injury to his arm and for failing to investigate the photographic lineup to the Nevada Supreme Court.  He did not raise any ineffective-assistance claims on direct appeal, and he did not raise these claims in his petition, first-amended petition, or supplement to his petition in the state district court.  Madrid raised these claims for the first time on appeal from the state district court's denial of his state habeas petitions,[26] so the Nevada Supreme Court declined to consider them on their merits.[27]  Because Madrid submitted these claims to the Nevada Supreme Court "in a procedural context in which [their] merits will not be considered absent special circumstances," he did not fairly present these claims, and they are therefore unexhausted.[28]

Madrid's claim that counsel was ineffective for failing to object to admission of the rap CD, field-interview cards, and gun photos was also not fairly presented to the Nevada Supreme Court.

---

[22] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[23] *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[24] *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[25] *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

[26] ECF No 13-2 at 38–40.

[27] ECF No. 13-5 at 4 (citing *Davis v. State*, 817 P.2d 1169, 1173 (Nev. 1991), *overruled on other grounds by Means v. State*, 103 P.3d 24, 33 (Nev. 2004)).

[28] *Roettgen*, 33 F.3d at 38 (citing *Castille*, 489 U.S. at 351).

Madrid raised his claim that counsel was ineffective for failing to object to admission of the rap CD in his state habeas petitions,[29] but he did not raise that claim on appeal from the state court's denial of his petitions. And Madrid did not raise his claim that counsel was ineffective for failing to object to the admission of the field-interview cards and gun photos in his state habeas petitions or on appeal from the denial of those petitions.[30] For these reasons, the Nevada Supreme Court does not mention any of these claims—let alone address them on their merits—in its order of affirmance.[31] Because these claims were also not fairly presented to the Nevada Supreme Court, they, too, are unexhausted.

**C.    Because this is a mixed petition, Madrid must advise the court how he wants to proceed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state-court remedies for all claims in the petition.[32] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[33] Because Madrid's petition is mixed, he has three options:

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

2. Submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. File a motion asking the court to hold his exhausted claims in abeyance while he

---

[29] ECF No.12-3 at 23 (raising IAC claim for trial counsel's failure to properly object to the admission of the rap CD).

[30] On appeal, Madrid asserted that his counsel was ineffective for failing to hire a gang expert to refute the state's evidence supporting the gang enhancement and that, as a result of this failure, the state's field-interview cards and other evidence was improperly admitted. ECF No. 13-2. But he did not assert counsel's failure to object to the admission of the field-interview cards as a stand-alone claim.

[31] ECF No. 13-5.

[32] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[33] *Id.*

returns to state court to exhaust his unexhausted claims.[34]

As to the third option, Madrid is cautioned that a stay and abeyance is available only in limited circumstances. If Madrid chooses to file a motion for stay and abeyance, he must show that there was good cause for his failure to first exhaust these portions of his ineffective-assistance claims in state court, and that these claims are not plainly meritless.[35] Respondents would then have a chance to respond to his motion.

**If Madrid fails to choose one of these three options or seek other appropriate relief by October 27, 2016, his federal habeas petition will be dismissed without prejudice as a mixed petition.**

### D.  Madrid's motion to stay [ECF No. 15] is denied without prejudice.

Though Madrid requests a stay and abeyance in his response to respondents' dismissal challenge, he does not explain why a stay is appropriate. In his seprately filed motion for stay, he explains that the instant petition is intended as a protective petition and that a stay is therefore appropriate.[36]

Filing a protective petition is a valid tactic under limited circumstances. For example, a stay of this action would be appropriate if Madrid were reasonably confused about the timeliness of his state habeas petition, so he filed this action in case the state court later determines that his state petition was untimely and thus did not toll the federal-limitations period.[37] But timeliness is not an issue in this action because Madrid's timely filed state petition was dismissed *before* he filed this petition, and it does not appear that he has filed any other actions for post-conviction relief in state

---

[34] *See Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

[35] *Rhines*, 544 U.S. at 277 (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

[36] ECF No. 15.

[37] *Pace v. DiGuglielmo*, 544 U.S. 408, 406–17 (2005).

court that would justify the filing of a protective petition. Because Madrid has not made the required showing for a stay and a protective petition is not warranted in these circumstances, his motion to stay is denied without prejudice. If Madrid chooses to file a new motion for stay and abeyance in accordance with option three above, he is cautioned that he must make the requisite showing that I have outlined in this order.

**E.      Madrid's motion for appointment of counsel [ECF No. 16] is denied.**

There is no constitutional right to counsel for a federal habeas corpus proceeding.[38] But the district court has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so complex that denial of counsel would amount to a denial of due process, or the petitioner has such limited education that he is incapable of fairly presenting his claims.[39] Madrid moves for appointment of counsel, conclusorily arguing that "the issues in this case are complex and that [he] is unable to adequately present [them] without the assistance of counsel."[40] Because Madrid's petition sufficiently presents his claims, and the defect in his petition is not something that counsel could fix, his motion for appointment of counsel is denied.

---

[38] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

[39] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (1986), *cert. denied*, 481 U.S. 1023 (1987).

[40] ECF No. 16 at 2.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **respondents' motion to dismiss [ECF No. 6] is GRANTED in part and DENIED in part.**

IT IS FURTHER ORDERED that Madrid must notify the court how he wishes to proceed with this action by **October 27, 2016.  If Madrid does not file notice with the court by this date, this action will be dismissed without prejudice and without further notice.**

IT IS FURTHER ORDERED that **Madrid's motion for stay [ECF No. 15] and motion for appointment of counsel [ECF No. 16] are DENIED without prejudice.**

Dated this 27th day of September, 2016

_____
Jennifer A. Dorsey
United States District Judge