UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mariano Madrid,<br><br>         Petitioner<br><br>v.<br><br>Dwight Neven, et al.,<br><br>         Respondents | 2:15-cv-00118-JAD-PAL<br><br>**Order Granting Motion to Extend Time and Denying Motion for Stay and Abeyance**<br><br>[ECF Nos. 21, 22] |

Nevada state prison inmate Mariano Madrid brings this § 2254 petition to challenge his state-court conviction for murder with use of a deadly weapon and with the intent to promote, further, or assist a criminal gang.[1] I found that some of Madrid's ineffective-assistance allegations are unexhausted, so I gave Madrid until October 27, 2016, to notify the court how he wishes to proceed with this action. Madrid moved to extend the deadline to respond to that order, which I grant *nunc pro tunc* to October 27, 2016. Because Madrid has not made the required showing for a *Rhines* stay, I deny his motion for stay and abeyance and give him until **April 20, 2017**, to submit a sworn declaration advising the court either (1) that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only or (2) that he will return to state court to exhaust his unexhausted claims, in which case this federal habeas petition will be denied without prejudice.

**Discussion**

In March 2007, a jury in Nevada's Eighth Judicial District Court convicted Madrid of murder with use of a deadly weapon and with the intent to promote, further, or assist a criminal gang.[2] The charges stemmed from the shooting death of Ricardo Marcias at a 2005 house party. The trial judge sentenced Madrid to life in prison with the possibility of parole after 40 years.[3]

---

[1] ECF No. 1.

[2] ECF No. 11-11.

[3] *Id.*

After the state district court denied Madrid's motion for a new trial, he appealed his conviction; the Nevada Supreme Court affirmed. Madrid then filed a counseled post-conviction petition in the state district court,[4] followed by a first-amended petition[5] and supplement.[6] After a two-day evidentiary hearing,[7] the state district court denied Madrid's petition,[8] and Madrid—who was still represented by counsel—appealed.[9] The Nevada Supreme Court affirmed the denial of Madrid's petition,[10] and Madrid then dispatched the instant pro se federal habeas petition.[11]

Madrid's petition contains four claims, though there is a substantial amount of overlap between them. In ground one, Madrid claims that the trial court erred by admitting the "Bullet Holes" CD at trial—essentially, the same issue Madrid raised on direct appeal.[12] Grounds two, three, and four are essentially the same ineffective-assistance-of-trial-counsel claim. In these grounds, Madrid alleges that trial counsel was ineffective for failing to (1) hire an investigator and investigate possible witnesses, (2) properly respond to gang evidence, (3) file pre-trial motions or obtain criminal histories for key witnesses, (4) usefully submit medical records or otherwise investigate an injury to Madrid's arm, (5) investigate a photographic lineup, and (6) object to the admission of the "Bullet Holes" CD, field-interview cards, and gun photos.[13] Defendants moved to dismiss, arguing

---

[4] ECF No. 12-3.

[5] ECF No. 12-4.

[6] ECF No. 12-6. Madrid's appellate counsel filed his initial petition and first-amended petition, and substituted counsel filed the supplemental points and authorities.

[7] ECF Nos. 12-10, 13-1.

[8] ECF No. 12-8 at 6.

[9] ECF No. 13-2.

[10] ECF No. 13-5.

[11] ECF No. 1.

[12] *Compare* ECF No. 11-14 at 8, *with* ECF No. 1 at 3–5.

[13] *See* ECF No. 1 at 7–18.

that the last three of those items are unexhausted, subjecting the entire petition to dismissal. I agreed that Madrid's fourth through sixth IAC allegations are unexhausted, so I granted in part and denied in part respondents' motion and gave Madrid until October 27, 2016, to notify the court how he wishes to proceed with this action.

Madrid requests that I stay this case and hold his federal claims in abeyance while he returns to state court to exhaust his unexhausted claims. As to this option—governed by the standards adopted by the United States Supreme Court in *Rhines v. Weber*—I expressly cautioned Madrid that a stay and abeyance is available only in limited circumstances, and that if he chose to file a motion for stay and abeyance, he would have to show that there was good cause for his failure to first exhaust these portions of his ineffective-assistance claims in state court and that these claims are not plainly meritless.[14] Madrid's motion does not explain why he believes that he has good cause for failing to exhaust his unexhausted IAC claims in state court, nor does he attempt to show that these claims are not plainly meritless.[15] Madrid has thus failed to carry his burden to show that he is entitled to a *Rhines* stay, so I deny the motion for stay.

Because I deny Madrid's motion for stay, he has two options: (1) submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only or (2) submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case this federal habeas petition will be denied without prejudice. If Madrid fails to notify the court which of these two options he is electing or seek other appropriate relief by April 20, 2017, this federal habeas petition will be dismissed without prejudice as a mixed petition.

---

[14] ECF No. 20 at 5–6 (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.")).

[15] I note that there is no indication that Madrid has engaged in intentionally dilatory litigation tactics.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **Madrid's motion to extend time [ECF No. 21] is GRANTED *nunc pro tunc* to October 27, 2016, and Madrid's motion for stay [ECF No. 22] is DENIED.**

IT IS FURTHER ORDERED that Madrid must notify the court how he wishes to proceed with this action by **April 20, 2017. If Madrid does not file an appropriate notice with the court by this date, this action will be dismissed without prejudice and without further notice.**

Dated this 20th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge