UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Mariano Madrid,

    Petitioner

v.

Dwight Neven, et al.,

    Respondents

2:15-cv-00118-JAD-PAL

**Order**

[ECF Nos. 27, 28]

    Pro se petitioner Mariano Madrid is serving two consecutive 20-years-to-life sentences after he was convicted of murder with deadly-weapon and gang-promotion enhancements.[1] Madrid filed this mixed petition for a writ of habeas corpus under 28 U.S.C. § 2254, but because he cannot proceed on a mixed petition—a petition that has exhausted and unexhausted claims—I gave him three options.[2] He could (1) voluntarily abandon his unexhausted claims and proceed on his exhausted claims only, (2) return to state court to exhaust his unexhausted claims, which would result in a denial of his habeas corpus petition without prejudice, or (3) file a motion to stay and abey his exhausted claims while he returned to state court to exhaust his unexhausted claims.[3]

    Madrid chose the third option, but he was unable to satisfy the applicable legal standard, so his stay-and-abey motion was denied.[4] I then gave him until

---

[1] ECF No. 1 at 2.

[2] ECF No. 20.

[3] *Id.* at 5–6.

[4] ECF No. 24.

April 20, 2017, to choose again between options 1 and 2.[5] Madrid now asks for an extension of time and renews his motion to stay and abey his exhausted claims.[6] Madrid argues that he never received my order denying his first stay-and-abey motion. That does not justify a renewed filing, but his renewed motion still fails to satisfy the *Rhines v. Weber*[7] standard. I made him aware of the *Rhines* standard when I gave him the three options to choose from, but he still fails to show—or even address—that he has good cause for failing to exhaust his unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that Madrid's renewed motion to stay and abey **[ECF No. 28] is DENIED**. The **Clerk of Court** is directed to **SEND to Madrid** a copy of my March 20, 2017, (ECF No. 24) order.

Good cause appearing, IT IS FURTHER ORDERED that Madrid's motion for an extension of time **[ECF No. 27] is GRANTED** *nunc pro tunc* **to April 20, 2017**. Madrid has until **December 8, 2017,** to advise the court in a sworn declaration whether he wants to (1) voluntarily abandon his unexhausted claims and proceed on the exhausted claims or (2) return to state court to exhaust his unexhausted claims. Choosing option 2 **will result in a denial of his petition without prejudice** to his ability to file a new petition in a separate case. If Madrid does not comply or otherwise respond to this order, **this action will be dismissed without prejudice and without further prior notice**.

DATED: November 8, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Id.*

[6] ECF Nos. 27, 28.

[7] *Rhines v. Weber*, 544 U.S. 269 (2005).